# IN THE COURT OF APPEALS OF IOWA

No. 16-0664
Filed May 3, 2017

**JOHN DOE,**
      Petitioner-Appellant,

**vs.**

**IOWA DEPARTMENT OF HUMAN SERVICES,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Sioux County, Jeffrey L. Poulson,

Judge.


      The appellant seeks review of the finding he committed child abuse and

the placement of his name on the child abuse registry.  **AFFIRMED.**


      Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux

City, for appellant.

      Thomas J. Miller, Attorney General, and David M. Van Compernolle,

Assistant Attorney General, for appellee State.


      Considered by Mullins, P.J., McDonald, J., and Goodhue, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

John Doe[1] appeals from the district court decision upholding a ruling entered by the Iowa Department of Human Services (DHS) finding Doe committed child abuse and placing his name on the Iowa Child Abuse Registry.

## I. Facts and Proceedings

Doe came to the attention of the DHS when a fourteen-year-old child claimed Doe had sexually abused her in December 2013. During an interview with a DHS child protective worker, the child reported two separate incidents of inappropriate contact between herself and Doe. The first occurred outside of the United States. During that incident, the child was operating a four-wheel vehicle when Doe—who was sitting behind her—stated she had nice breasts, pressed his private part against her back or buttocks, and touched her breasts. Both were fully clothed at the time. During the second instance, which occurred in Iowa, Doe chased the child to a bed, held her down, and tried to separate her legs. During a forensic interview, the child substantiated what she had told the DHS worker but added that Doe asked her to touch his "private part" during one of the events. Doe denied any sexual abuse had occurred.

On December 16, 2014, the DHS issued a child protective assessment summary confirming that Doe had committed sexual abuse in the third degree, and it placed Doe's name on the child abuse registry. At the DHS worker's request, the State filed a child in need of assistance (CINA) petition based on the allegations of sexual abuse by Doe and her mother's failure to protect the child.

---

[1] We shall refer to the appellant as John Doe for confidentiality purposes as required by Iowa Court Rule 21.25.

The parties stipulated to the CINA adjudication at the February 6, 2015 adjudicatory hearing.

On February 7, 2015, Doe appealed the DHS's finding he committed child abuse and the placement of his name on the child abuse registry. The DHS later changed the child protective service assessment summary to confirm Doe committed sexual abuse, lascivious acts with a child, but listed the allegation of third-degree sexual abuse as "not confirmed." Based on the finding Doe committed sexual abuse, lascivious acts with a child, Doe's name remained on the child abuse registry.

An administrative law judge (ALJ) heard Doe's appeal of the DHS action on July 7, 2015. In the proposed decision, the ALJ affirmed the placement of Doe's name on the child abuse registry. Doe requested a review, and on review, the DHS adopted the ALJ's proposed decision.

Doe filed a petition for judicial review, and the district court affirmed the decision of the DHS. Doe has appealed contending: (1) the DHS lacks subject matter jurisdiction to investigate the incident that occurred outside the country, (2) there is insufficient evidence to support the finding that Doe was the child's caretaker at the time of either of the alleged incidents, and (3) there is insufficient evidence to support the finding that Doe committed sexual abuse.

## II. Preservation of Error

As to each claim of error the State acknowledges the claim was raised before the district court and acknowledges error has been preserved.

### III. Jurisdiction

*A. Standard of Review*

A review of a district court's decision on judicial review or jurisdiction issues is for errors of law. *Heartland Express v. Gardner,* 675 N.W.2d 259, 262 (Iowa 2003).

*B. Discussion*

Doe contends that Iowa has no jurisdiction over one of the incidents because it occurred in another country.

Iowa Code section 232.72 (2014) requires that a report of child abuse be transmitted to the county where the child resides. The county of residency is to proceed as required by Iowa Code section 232.71B. Although jurisdiction for criminal acts is generally where the act took place, *see* Iowa Code § 803.2(1), our statutes concerning child abuse assessment and reporting are concerned with the protection of the child, *see id.* § 232.67 (stating the legislative purpose of these statutes is to protect children in this state from abuse). It logically follows that reports of child abuse would be handled in the child's county of residence, and the statute so provides. *See id.* § 232.71B. Doe does not dispute that the child is a resident of Sioux County.

Doe cites *Staggs v. Iowa Department of Human Services,* No. 14-0229, 2015 WL 2406769, at *3 (Iowa Ct. App. May 20, 2015), for his contention that Iowa has no jurisdiction. But in that case, neither the child nor the perpetrator resided in Iowa at the time of the incident. *Staggs*, 2015 WL 2406769, at *3. Doe and the child were both residents of Iowa at the time of the sexual abuse.

The DHS had jurisdiction to enter Doe's name on the child abuse registry even if the sexual abuse had taken place outside of the country.

## IV. Sufficiency of the Evidence

### A. Standard of Review

We accord limited deference to an agency's interpretation of the law, but the agency's findings of fact are binding on an appellate court if supported by substantial evidence when viewing the record as a whole. *Mauk v. Iowa Dep't of Human Servs.,* 617 N.W.2d 909, 911 (Iowa 2000). Substantial evidence exists if a reasonable person would find it adequate to reach a conclusion*. Id.*

### B. Evidence of Caretaker Status

A "person responsible for the care of a child" includes "[a]ny person providing care for a child, but with whom the child does not reside, without reference to the duration of the care." Iowa Code § 232.68(8)(d). The ALJ found that within the meaning of the statute, Doe had assumed care of the child. With regard to the first incident, there is no indication any other adult was on the four-wheel vehicle with Doe or even near their vicinity. The second incident took place in Doe's home while he was attempting to control or discipline the child. Substantial evidence supports the finding that Doe was responsible for the child's care at the time of both incidents.

### C. Evidence of Sexual Abuse

Doe was found to have committed an act of child abuse in violation of Iowa Code section 709.8(1)(d) by asking the child to touch his "private part." After reviewing the child's forensic interview, both the ALJ and district court found the child to be credible in her account of the two incidents of sexual abuse; both

found Doe's denial was not credible. The ALJ found Doe solicited the touching of his penis for the purpose of arousing and satisfying his sexual desires. The finding is the only logical conclusion that can be drawn absent any other evidence.

The child was adjudicated a CINA based on Doe's sexual abuse. Under Iowa Code section 235A.19(3)(d), the CINA adjudication in itself may be considered determinative as to the placement of Doe's name on the child abuse registry. Accordingly, we affirm the placement of Doe's name on the child abuse registry.

**AFFIRMED.**